IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JACQUES SHOCKLEY,

    Plaintiff,

v.

MARTY ALLEN; and OSCAR BELL,

    Defendants.

CIVIL ACTION NO.: 6:19-cv-87

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment. Doc. 14. Defendants have not filed a Response.[1] However, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). Specifically, the court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). For the reasons which follow, I **RECOMMEND** the Court **DENY as premature** Plaintiff's Motion for Partial Summary Judgment and **DENY** Plaintiff *in forma pauperis* status on appeal.

**I.**   **Plaintiff's Motion for Partial Summary Judgment**

Plaintiff filed his Complaint against Defendants Allen and Bell on May 20, 2019, and after conducting frivolity review, the Court initially ordered service on Defendants on November

---

[1] In fact, Defendants have not yet been served. See Doc. 18. On March 31, 2021, the Court ordered the United States Marshals Service to personally serve Defendants. Id.

4, 2020.  Doc. 13.  However, service was not perfected, and the Court again ordered the Marshals to serve Defendants on March 31, 2021.  Doc. 18.  Despite Defendants not being served and no discovery occurring in this case, Plaintiff filed his Motion for Partial Summary Judgment on December 14, 2020.  Doc. 14.

Plaintiff's Motion consists of two pages of argument, alleging violations of his constitutional rights in a conclusory fashion.  Notably, Plaintiff makes no statement of material facts, fails to cite to any evidence in the record, and does little more than make unsupported allegations, some of which mirror his Complaint and some of which he presents to the Court for the first time.[2]

Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To satisfy this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.  A fact is "material" if it "might affect the outcome of the suit under the governing law."  FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  A dispute over such a fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  In making this determination, the court is to view all the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that

---

[2] As explained above, discovery has not yet occurred, and the lack of discovery is problematic.  The purpose of discovery is for each party to gather facts to support its claims or defenses.  Summary judgment is then briefed based on that set of facts.  Here, without discovery, it should not be surprising Plaintiff's Motion lacks a statement of material facts, and more importantly, any evidentiary support.

2

party's favor.  Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).

Plaintiff's Motion for Summary Judgment is premature.  Defendants have not yet been served in this case.  As a result, the parties have not had any opportunity to conduct discovery. "The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997).  No such discovery has occurred here.  Regardless, Plaintiff has failed to present evidence at this point to warrant granting summary judgment.  Adigun v. Express Scripts, Inc., No. CV 216-39, 2017 WL 1199754, at *1 (S.D. Ga. Mar. 30, 2017), *reconsideration denied*, 2017 WL 5618284 (S.D. Ga. Nov. 21, 2017). For these reasons, I **RECOMMEND** the Court **DENY as premature** Plaintiff's Motion for Summary Judgment.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues now.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's Motion for Partial Summary Judgment, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **DENY as premature** Plaintiff's Motion for Partial Summary Judgment and **DENY** Plaintiff *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 5th day of April, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA