IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JACQUES SHOCKLEY,<br><br>      Plaintiff,<br><br>    v.<br><br>MARTY ALLEN; and ESTATE OF OSCAR BELL,<br><br>      Defendants. | CIVIL ACTION NO.: 6:19-cv-87 |

## REPORT AND RECOMMENDATION

This matter is before the Court on the United States Marshals Service Unexecuted Returns as to Defendant Bell's Estate. Docs. 17, 30. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims against Defendant Estate of Oscar Bell.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**BACKGROUND**

Plaintiff, an inmate proceeding pro se, initially sued Oscar Bell, alleging violations of his constitutional rights. Following frivolity review, the Court ordered the United States Marshals Service to serve Bell, as Plaintiff is proceeding *in forma pauperis*. Doc. 18. The Marshals Service attempted to serve Bell; however, Georgia State Prison informed the Marshals Service Defendant Bell is deceased. Doc. 20 at 1. Thus, the Marshals Service was unable to execute service on Defendant Bell. Id.

The Court then ordered Plaintiff to inform the Court whether he intends to pursue claims against Defendant Bell's estate. Doc. 24. Plaintiff timely responded, indicating he would like to pursue his pending claims against Defendant Bell's estate. Doc. 25. The Court granted Plaintiff's motion to substitute and directed the Clerk of Court to replace Bell with his estate as a Defendant in this case. Doc. 27 at 2. Further, the Court ordered the United Sates Marshal to serve Defendant Estate of Oscar Bell and ordered Plaintiff to provide any additional information he had regarding Defendant Estate of Oscar Bell. Id. The Court warned Plaintiff his failure to provide additional information, may result in lack of service and dismissal of Plaintiff's claims against Defendant Estate of Oscar Bell. Id. at 2–3. On August 15, 2021, Plaintiff timely responded to the Court's Order to directing him to provide more information. Doc. 29. Plaintiff stated he had no additional information to assist in service of Defendant Estate of Oscar Bell. Id.

The Marshal's Service signed the Return, dated October 4, 2021, stating it was unable to locate Defendant Estate of Oscar Bell and had not executed service. Doc. 30. The Return was filed on October 7, 2021. Id. Thus, to date, Defendant Estate of Oscar Bell has not been served and Plaintiff has not provided any information with which to locate Defendant Estate of Oscar Bell.

**DISCUSSION**

Rule 4(m) of the Federal Rules of Civil Procedure, which addresses the time limit for service, provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4. Courts assist inmate plaintiffs—because they are confined and typically indigent—in effecting Rule 4 service. See, e.g., Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990) ("*[I]n forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service where such failure is not due to fault on the litigant's part."). However, the Court ordinarily does not have an obligation to assist an inmate in effecting service beyond "directing the Marshal to serve process on those parties (and their addresses) clearly identified by the inmate-plaintiff." Simmons v. Prison Health Servs. Inc., No. CV408-239, 2009 WL 2914103, at *1 (S.D. Ga. Sept. 10, 2009); see also Smith v. Belle, 321 F. App'x 838, 845 (11th Cir. 2009) (explaining failure of a prisoner proceeding *in forma pauperis* in a § 1983 action to provide current address for a defendant so that process could be served, despite being warned failure to do so would result in dismissal, warranted dismissal of the prisoner's claims against defendant for lack of service of process); Salas v. Tillman, 162 F. App'x 918, 923 (11th Cir. 2006) (pro se, *in forma pauperis* prisoner was not entitled to a continuance so service could be completed on corrections officers in his civil rights claim, where prisoner was aware of his failure to provide service but made no attempt to remedy the service problem).

However, Plaintiff ultimately has the responsibility for serving Defendant Estate of Oscar Bell. And while Plaintiff attempted to satisfy this obligation, it appears Defendant Estate of

Oscar Bell, or its representative, cannot be located by the United States Marshals Service. Because these efforts continue to be unsuccessful, Plaintiff's claims against Defendant Estate of Oscar Bell are due to be dismissed without prejudice. See Brown v. Davis, 656 F. App'x 920, 921 (11th Cir. 2016) (finding district court did not abuse its discretion in dismissing prisoner's § 1983 claim against an officer for lack of service where officer no longer resided at the address provided by the prisoner, prisoner did not remedy the service, and prisoner was on notice the officer had not been served for three years); see also Penton v. Nunez, No. 2:11-CV-0518, 2014 WL 4244013, at *2 (E.D. Cal. Aug. 26, 2014) (dismissing case after inability to locate and serve defendant at address provided by deputy attorney general); Williams v. Hodges, No. CIV.A H 08-2082, 2010 WL 518776, at *5 (S.D. Tex. Jan. 31, 2010) (dismissing case "because the United States Marshal has been unable to complete service of process based on the information provided by the plaintiff and the State Attorney General's Office.").

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims against Defendant Estate of Oscar Bell. Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Amended Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to

file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED AND RECOMMENDED**, this 22nd day of November, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA