IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JACQUES SHOCKLEY, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-87 |
| v. | |
| MARTY ALLEN, | |
| Defendant. | |

## ORDER

This matter is before the Court on the Magistrate Judge's June 8, 2022 Report and Recommendation and Defendant Allen's Motion to Dismiss, to which Plaintiff filed a Response. Docs. 39, 45, 46. For the reasons that follow, the Court **DECLINES TO ADOPT** the Magistrate Judge's Report recommending dismissing Plaintiff's Complaint for failure to follow this Court's Order. Nevertheless, the Court **GRANTS** Defendant's Motion to Dismiss, **DISMISSES** Plaintiff's Complaint, **DENIES** Plaintiff leave to appeal *in forma pauperis*, and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment.

**I.     Plaintiff's Response Will Be Considered Timely**

Defendant Allen filed his Motion to Dismiss on May 13, 2022. Doc. 39. On May 16, 2022, the Court ordered Plaintiff to respond within 14 days. Doc. 41. Plaintiff failed to file a timely response. On June 8, 2022, the Magistrate Judge recommended the Court grant as unopposed Defendant's Motion to Dismiss and dismiss Plaintiff's case for failure to follow a Court Order. Doc. 45. However, the Court received a response to Defendant's Motion to Dismiss on

June 16, 2022. Doc. 46. Plaintiff's Response is dated June 7, 2022.[1] Doc. 46 at 3. Though Plaintiff's Response was due on May 30, 2022, Plaintiff submitted an affidavit stating he did not receive the motion to dismiss and this Court's Order until June 2, 2022, and then the prison was placed on lockdown on June 5, 2022, further hindering his ability to respond. Id. at 4–5. Thus, the Court **DECLINES TO ADOPT** the Magistrate Judge's Report recommending the Court grant Defendant's Motion to Dismiss as unopposed and recommending the Court dismiss this case for failure to follow this Court's Order. The Court will now consider the merits of Defendant's Motion to Dismiss, including Plaintiff's Response.

## II.     Plaintiff Failed to State a Claim

Defendant Allen argues Plaintiff's Complaint should be dismissed for failure to state a claim under Rule 12(b)(6), that Plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), and Defendant Allen is entitled to qualified immunity. Doc. 39-1 at 2–7. In response, Plaintiff offers a conclusory statement his case should not be dismissed and any statute of limitations should be tolled. Doc. 46 at 1–2. However, Defendant Allen did not raise a statute of limitations defense, and Plaintiff fails to address the arguments Defendant raised.

In his Complaint, Plaintiff alleges Defendant Allen denied him adequate access to the law library while he was pursuing his habeas petition. Doc. 1 at 3–4. Plaintiff alleges Defendant Allen promised to get him help with his habeas appeal but did not do so. Plaintiff further alleges he is not guilty of the crimes for which he was convicted, that no evidence supports his conviction, and he would have prevailed on his habeas petition if he had adequate access to the law library. Id.

---

[1]     "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Daker v. Comm'r, Ga. Dep't of Corr., 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). "'Absent evidence to the contrary,' [courts] 'assume that the prisoner's filing was delivered to prison authorities the day he signed it.'" Id. (quoting Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

"[P]risoners have a constitutional right of access to the courts." Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006); see also Lewis v. Casey, 518 U.S. 343, 343 (1996); Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) ("Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment."). To have standing to bring an access-to-courts claim, the "inmate alleging a violation of the right of access to the courts must show an actual injury." Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998) (citing Lewis, 518 U.S. at 349–50). Not all denials of access result in injury. Lewis, 518 U.S. at 354–56. Rather, plaintiffs must show the denial of access related to a non-frivolous, arguable underlying claim. Harrison v. United States, 577 F. App'x 911, 913 (11th Cir. 2014). Incarcerated individuals must identify the underlying claim with sufficient enough detail to "give fair notice to the defendants" and show "the 'arguable' nature of the underlying claim is more than hope." Christopher v. Harbury, 536 U.S. 403, 416 (2002); Arthur v. Comm'r, Ala. Dep't of Corr., 680 F. App'x 894, 903 (11th Cir. 2017); Harrison, 577 F. App'x at 912–13; Cunningham v. Dist. Attorney's Office, 592 F.3d 1237, 1271 (11th Cir. 2010); Barbour, 471 F.3d at 1226.

Plaintiff does not allege enough in his Complaint to satisfy the actual injury prerequisite to set forth a plausible access-to-courts claim. Plaintiff does not adequately describe his habeas petition to show it was non-frivolous and based on more than hope or that he would have prevailed if he had adequate access. See Daker v. Warren, 660 F. App'x 737, 741 (11th Cir. 2016) (holding inmate could not prevail on access-to-court claim where he failed to show he would have been successful if it were not for inadequate access to a law library). That is, Plaintiff has not shown the necessary injury to have standing to bring a claim for denial of access to courts. James v. Raybon, No. CV 21-0450, 2022 WL 790953, at *4 (S.D. Ala. Jan. 28, 2022), *report and*

*recommendation adopted*, 2022 WL 782320 (S.D. Ala. Mar. 14, 2022) ("Due to Plaintiff's failure to allege facts showing that he had a nonfrivolous appeal in his capital case, he has failed to state a claim upon which relief can be granted."). Accordingly, Plaintiff fails to state a claim upon which relief can be granted, and his Complaint is due to be dismissed. Because Plaintiff's Complaint is due to be dismissed on this basis, the Court declines to address Defendant Allen's other arguments for dismissal.

## III. Leave to Appeal *in Forma Pauperis*

Plaintiff is also denied leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address this issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Defendant's Motion to Dismiss and Plaintiff's Response, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court **DENIES** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

Accordingly, the Court **DECLINES TO ADOPT** the Magistrate Judge's Report recommending dismissing Plaintiff's Complaint for failure to follow this Court's Order. Further, the Court **GRANTS** Defendant Allen's Motion to Dismiss, **DISMISSES** Plaintiff's Complaint, **DENIES** Plaintiff leave to appeal *in forma pauperis*, and **DIRECTS** the Clerk of Court to close this case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this 11th day of July, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA